UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>RAHEEM MALDONADO,<br><br>*Defendant.* | [Proposed] Protective Order<br><br>15 Cr. 386 (JGK) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Confidential," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pre-hearing publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include Bates or other label stating, "Covered by Protective Order," shall be deemed "Confidential Material."

2. **Attorney's Possession Only ("APO") Material.** Certain discovery materials in this case may raise a particular risk of affecting the privacy and confidentiality of victims or witnesses. Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney's Possession Only," shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Confidential Material.

3. **Attorney's Eyes Only ("AEO") Material.** Certain discovery materials in this case may raise a particular risk of affecting the privacy, confidentiality, or safety of victims or witnesses. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney's Eyes Only," shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Confidential Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material designated as Confidential Material shall not be disclosed by the defendant or his counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

5. Confidential Material may be disclosed by the defense to:

    (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action;

    (c) The defendant; and

    (d) Such other persons as hereafter may be authorized by the Court.

6. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Confidential Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. Any APO Material received by the defense shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defendant or his counsel except as set forth herein.

8. The defense shall receive any AEO Material on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel and attorneys for prospective witnesses.

9. The Government may authorize, in writing, disclosure of Confidential Material, APO Material, or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

3

10. This Order does not prevent the disclosure of any Confidential Material, APO Material, or AEO Material in any hearing held in this case, or to any judge or magistrate judge, or Court for purposes personnel, of this case. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

11. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Confidential Material, APO Material, or AEO Material ("Requested Material"). The Government will promptly review such Requested Material and (1) consent to the requested designation alteration or sharing of the material; or (2) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Confidential Material, APO Material, or AEO Material will be controlling absent contrary order of the Court.

12. Except for Confidential Material, APO Material, or AEO Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; the granting of any motion made on behalf of the Government dismissing any charges in this case; or the expiration of any retention period mandated by governing rules of professional responsibility applicable to the defense, whichever date is later. If Confidential Material, APO Material, or AEO Material is provided to

4

any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this case, and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *(signature)*　　　　　　　　　　　　　Date:   April 25, 2022
Madison Reddick Smyser
Assistant United States Attorney

*(signature)*　　　　　　　　　　　　　　　Date:   4/25/22
Avraham Chaim Moskowitz, Esq.

Counsel for Raheem Maldonado


SO ORDERED:

Dated: New York, New York
April 25, 2022

　　　　　　　　　　　　　　　　　　*(signature)*
　　　　　　　　　　　　　　　　　　HONORABLE JOHN G. KOELTL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF NEW YORK